[No. 26377.   Department Two.   November 30, 1936.]

DORAH MARY FLYNN, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

*Clarence J. Coleman,* for appellant.

*The Attorney General* and *J. A. Kavaney, Assistant,* for respondent.

[1]Reported in 62 P. (2d) 728.

TOLMAN, J.—This is an appeal from a judgment of the superior court which, in effect, denies an award of a widow's pension under our state industrial insurance law.

The facts are wholly undisputed and may be briefly stated as follows: The husband of the appellant was a longshoreman engaged in putting cargo on board ship by means of a sling. The workman was chewing tobacco, as seems to be customary with workmen so engaged. While actually performing his duties, the workman called up to the hatch tender asking for some direction, presumably relating to the work, and at that time swallowed some of the tobacco which was in his mouth, causing him to choke and start to cough. He took a drink of water, resumed his duties, placed a load in the sling, and then, continuing to cough, he sat down and very shortly expired.

An autopsy showed that the cause of death was acute dilation of the heart. There was medical testimony to the effect that the calling to the hatch tender caused a quick intake of breath, that the intake of breath caused the swallowing of the tobacco which brought on the coughing, and that the strain of the coughing placed an extra burden on the heart, causing it to dilate.

The claim was rejected by the department for the reason, among others, that death was not the result of trauma. An appeal was taken to the joint board, where the case was reheard and an order entered sustaining the department in its rejection of the claim. Thereafter, in due course, an appeal was taken to the superior court, where the case was tried upon the record made before the department and the joint board. The trial court held that there was no tangible happening of a traumatic nature producing an immedi-

ate or prompt result and occurring from without, and thereupon entered judgment dismissing the appeal.

Rem. Rev. Stat., § 7675 [P. C. § 3470], defines the word "injury" as follows:

"The word 'injury' as used in this act means a sudden and tangible happening, of a traumatic nature, producing an immediate or prompt result, and occurring from without, and such physical condition as results therefrom."

In speaking of this definition, this court in *Pellerin v. Washington Veneer Co.,* 163 Wash. 555, 2 P. (2d) 658, said:

"The manifest intention of the legislature in the enactment of the new definition of injury was to make more certain the definition of injury and make it apply strictly to sudden and tangible happenings occurring from without of a traumatic nature. . . ."

The statute is in no respects ambiguous or uncertain. It is plain, clear, concise, and is therefore not subject to construction, but the language used must be given its plain and ordinary meaning. Had it been the legislative intent to cover every kind of physical impairment occurring while a workman was in the course of his employment, it might very easily have employed language to express that intent, but it did not do so.

The statute, segregated into its component parts, indicates very clearly that first, there must be a "happening;" second, the happening must be of a "traumatic nature;" and third, the happening must occur "from without."

It seems apparent that the two phrases, "of a traumatic nature" and "occurring from without," both modifying, as they do, the word "happening," can only mean that there must be an external act or occurrence which caused the injury and that such act or occur-

rence must be "of a traumatic nature." The source as well as the nature or character of the "happening" are both determinative factors under the statutory definition.

In this case, the source or cause of the physical impairment of the deceased workman did not occur outside his body or "from without." According to the admitted facts, he called, swallowed some tobacco, coughed, strangled, and from the coughing a fatal strain was placed upon his heart. The cause therefore originated within and not without the body. But, even if there was anything without the body in the origin of the cause, then that which was without was not "of a traumatic nature."

If there was a quick intake of breath following the calling, then air only entered, and air entering through natural passages and in a natural way cannot be a "happening of a traumatic nature."

There was then no "happening of a traumatic nature . . . occurring from without." Therefore, there was no "injury" within the contemplation of the statute.

Although the workmen's compensation act abolishes all common law remedies (with some exceptions not material here), we are not now concerned with any question involving the deprivation of a common law remedy. Nor can words be found anywhere within the act which indicate a legislative intent to provide benefits in case of a death caused as was the death here involved.

Appellant presents a skillful and interesting argument based upon various authorities from other jurisdictions, but we find none of them to be helpful here. It seems unnecessary to analyze and distinguish the cases cited. Our own statute, as already said, is not subject to judicial construction.

350

Following the plain legislative intent, as expressed in the statute, we conclude that the judgment appealed from is right, and it is therefore affirmed.

MILLARD, C. J., HOLCOMB, MITCHELL, and BEALS, JJ., concur.